## DISTRICT COURT OF IOWA
## IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| TARIK ANIBI<br>PLAINTIFF<br><br>V.<br><br>VIVIANNA GRACE PATTERSON, &<br>STANLEY JAMES PATTERSON IV<br>DEFENDANT<br><br>&<br><br>CHUBB LIMITED, DBA & Ultimate Parent of<br>NORTHERN INSURANCE COMPANY<br>DEFENDANTS | DOCKET # LACV<br><br>PETITION AT LAW |

Comes now the Plaintiff, Tarik Anibi, by and through Counsel, James P. Moriarty, of James P. Moriarty, PC and petitions the Court for redress for injuries and other related damages from the Defendants, Viviana Grace Patterson and Stanley James Patterson, IV.  stemming from a motor vehicle collision occurring on Interstate Highway 80 in Johnson County, State of Iowa, on or about October 16, 2019.

## PARTIES

1.      Plaintiff Tarik Anibi is a natural adult person and a resident of the city of Kenner, Jefferson Parish, State of Louisiana. (Hereinafter referred to Mr. Anibi)

2.      Defendant Vivianna Grace Patterson is a natural person (possibly a minor)and a resident of the city of Bloomfield Hills County of Oakland, State of Michigan. (Hereinafter referred to as Ms. Patterson) She is the daughter of Defendant Stanley James Patterson IV and at the time of the collision a ward of the Defendant Stanley James Patterson IV.

3.      Defendant Stanley James Patterson IV is a natural adult person and a resident of the City of Bloomfield Hills County of Oakland, State of Michigan. (Hereinafter referred to as Mr. Patterson)  He is the Father, Guardian, Next Friend and  of, and was at the time



of the collision the Father, Next Friend, and Guardian of the Defendant Vivianna Grace Patterson, who was a minor at the time of the collision.  Defendant Ms. Grace was living and residing with the Defendant with the Defendant Mr. Patterson and was operating the vehicle upon the authority and with the permission of Defendant Mr. Patterson, and Defendant Mr. Patterson is responsible for the actions of his minor child.

4. Defendant Great Northern is a commercial provider of insurance coverage with an office of domicile in Minneapolis, Hennepin County, Minnesota, and at the time of the collision and all times relevant to this action, provided an insurance policy to the Defendants Ms. Paterson and Mr. Patterson which was in full force and effect at the time of the collision.  The terms of said policy are the best evidence of its contents and are incorporated herein as if set forth in full.

## JURISDICTION

5. The  Iowa District Court, Sixth Judicial District, Johnson County, State of Iowa has Subject Matter Jurisdiction over the parties by virtue of the collision which is the Central event of this Petition occurred in Johnson County, State of Iowa.  The amount in controversy exceeds the threshold of the Jurisdiction of the lesser courts of the Sixth Judicial District Court of Iowa and is properly before the District Court.

## VENUE

6. The  Iowa District Court, Sixth Judicial District, Johnson County, State of Iowa is a proper and appropriate Venue for this Petition, in  by virtue of the collision which is the Central event of this Petition occurred in Johnson County, State of Iowa

## TIMELINESS

7. This matter is timely under Iowa Code § 614(1)(2) as the collision occurred on October 16, 2019, and less than two years have elapsed since the collision.

## JURY TRIAL DEMAND

8. Plaintiff demands a trial by jury on all issues.

## FACTS

9. On October 16, 2019,  at approximately 7:00 PM CST Mr. Anibi , who holds a Commercial Drivers License issued by the State of Louisiana, was operating a 2016 Freightliner

Tractor/Trailer unit eastbound in the northern lane on US Route 80 at approximately halfway between Mile Markers 252 and 253. US Route 80 is a divided four lane highway with a grassed median. The highway was straight and there was not any upward or downward grade at that point. It was a dry, clear night and there were no obstructions, construction, road damage, crossing animals or other dangerous or unusual conditions at the location of the collision.

10. Another semi-tractor unit, a 2025 Freightliner, was also traveling eastbound in the southern lane, operated by a Mr. Keith Leroy Loftis. Mr. Loftis was maintaining the normal and safe distance from Mr. Anibi and was roughly even with Mr. Anibi's vehicle.

11. Mr. Anibi was properly operating the vehicle and observing all applicable road and speed regulations. He was well rested and fed, having stopped for a meal hours before the collision, not under the influence of any drugs or alcohol, and was alert and solely focused on his safe operation of the tractor/trailer. There are no indications at this time that Mr. Loftis was in any way negligent in the operation of his vehicle.

12. At the same time Ms. Patterson was operating a 2015 Jeep Wrangler vehicle traveling westbound on the opposite side of U.S. Route 80. At this time few specifics regarding her operation (speed, which lane she was in, experience, health, state of mind, whether she was rushing, distractions (*ie* Cell phone use, texting, cosmetic application, eating, etc.), mechanical state of the vehicle, time behind the wheel on the day of the collision, time driving, education regarding safe motor vehicle operation, whether she was using the vehicle under authority of the owner, etc.) are known. This will be established during discovery and presented at trial. She was at the time a minor and it is unknown at this time if she has attained majority.

13. On October 16, 2019, at approximately 7:00 PM CST at or near Mile 252 Ms. Patterson, for reasons not fully known at this time, negligently and/or recklessly failed to maintain safe control of her vehicle and veered hard southwest (her left), fully crossed the median and entered the eastbound lanes of U.S. Route 80 still traveling eastbound at approximately the lane stripe between the north and south lanes.

14. Mr. Anibi and Mr. Loftis were traveling as described Supra, *¶ 8-10*, inclusive. As their respective vehicles had gross weights of cabs and trailers far larger than the Jeep Wrangler operated Ms. Patterson, they were unable to get out of her path safely.

15. At no time relevant hereto did the Mr. Anibi or Mr. Loftis act in any manner which in anyway caused, exacerbated or contributed to the collision, or any of the damages listed below.

16. Ms. Patterson collided head on with Mr. Anibi and wedged her vehicle in the space between the oncoming tractor/trailer units operated by Mr. Anibi and Mr. Loftis causing the damages and injuries which are the subject of this Petition.

17. Presuming that both Ms. Patterson and Messrs. Anibi and Loftis had been traveling at the posted speed limit of 70 mph, their combined velocity at the time of impact would have been 140 miles per hour. The exact speeds will be established during discovery and presented at trial.

# DAMAGES

18.     Plaintiff Demands Judgment, jointly and severally, against The Defendants Vivianna Grace Patterson and Stanley James Patterson IV by virtue of his being the parent and guardian of Vivianna Grace Patterson at all times relevant to the negligent and reckless conduct exhibited in the instant case.     Just and Equitable direct and consequential Damages are claimed for such, to wit:

A. Personal Physical injuries directly related to the failure of Ms. Patterson to maintain control of her vehicle on a public roadway.
B. Medical expenses including but not limited to first responder, law enforcement, doctor, hospital, ambulance, therapy, counseling, medication, and other related services from the time of the collision through this date and continuing for the foreseeable future directly related to the negligent and/or reckless failure of Ms. Patterson to maintain safe control of her vehicle on a public roadway.
C. Mental, Emotional and Psychological injuries directly related to the failure of Ms. Patterson to maintain control of her vehicle on a public roadway.
D. Personal pain and suffering from the time of the collision through this date and continuing for the foreseeable future directly related to the failure of Ms. Patterson to maintain control of her vehicle on a public roadway.
E. Negligent and/or intentional infliction of severe emotional distress upon Mr. Anibi that has resulted in his inability to continue to work due to Post Traumatic Stress Disorder.
F. Occupational rehabilitation, counseling, vocational education, residential adaptations due to disabilities and other services necessary to enable Mr. Anibi to productively return to the workforce with self respect and dignity and to support himself and his family at the level of standard of living that he would have enjoyed but for the injuries from the time of the collision through this date and continuing for the foreseeable future directly related to the failure of Ms. Patterson to maintain control of her vehicle on a public roadway.
G. Lost wages and benefits.
H. Diminution of earning capacity since the collision and going forward for his anticipated working lifetime.
I. Lost of the value of his services as a husband, father, and provider to his family.
J. Loss and damages of personal property.
K. Reasonable Attorney's fees and expenses.
L. Punitive damages as may be supported by the information developed during discovery; &
M. Such other compensation and relief that the Court may deem to be just and equitable
N. in the premises.

Respectfully Submitted on September 27, 2021

*James P. Moriarty, Esq.*

James P. Moriarty ICIS # AT0005463
Attorney and Counselor at Law; Mediator
James P. Moriarty, PC  Counsel for Defendant
Armstrong Centre, Suite 265
222 3rd Ave. SE Cedar Rapids, IA 52401-1541
(319) 366-2307   *james.moriarty4@gmail.com*

OF COUNSEL*

*Morris H. Hyman*

Morris H. Hyman     Louisiana Bar # 07135
The Law Offices of Morris Hyman
Third Floor  710 Carondelet Street
New Orleans, LA 70130
(504) 588-9041   *Morrishyman.law@gmail.com*

* Mr. Hyman is in the process of registering with the Supreme Court of Iowa
  for admission *Pro Hac Vice* and will complete the registration process when this
  Case is filed and assigned a case number.